UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD SZETELA d.b.a. D&D PILOT CAR SERVICES, et al.,<br><br>Defendants. | No. 2:14-cv-2991-KJM-KJN<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Presently pending before the court is plaintiff Atain Specialty Insurance Company's ("plaintiff") motion for default judgment against defendant Richard Szetela d.b.a. D&D Pilot Car Services ("Szetela").[1] (ECF No. 52.) To date, Szetela has not opposed plaintiff's motion, or otherwise made an appearance in this action. Pursuant to the court's minute order issued on June 10, 2016, plaintiff's motion for default judgment was taken under submission on the papers and without oral argument. (ECF No. 55.) For the reasons stated below, the undersigned recommends that plaintiff's motion for default judgment be granted, that judgment be entered in plaintiff's favor and against Szetela, and a declaratory judgment be issued declaring that plaintiff owes no duty to defend or indemnify Szetela for the claims asserted against him in Sacramento

---

[1] This motion was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(19) and 28 U.S.C. § 636(b)(1).

1

Superior Court Case No. 34-2013-00148105.

I.     BACKGROUND

The background facts are taken from plaintiff's complaint, unless otherwise noted. (See ECF No. 1.) Plaintiff alleges that defendant Szetela, a pilot car driver for oversized loads, is the insured under an insurance policy issued by plaintiff, numbered CIP112913, for a period commencing January 11, 2012, through January 11, 2013 (the "Insurance Policy"). (Id. ¶ 10.) Plaintiff alleges that on July 17, 2013, defendant Alterra American Insurance Company ("Alterra") filed an action in the Sacramento County Superior Court against Szetela, Case No. 34-2013-00148105 ("Underlying Action"). (Id. ¶ 12.) On or about September 16, 2014, defendants Duffy Crane, Inc. d/b/a Duffy Crane and Hauling, Inc. ("Duffy Crane") and Duffy Holdings, LLC ("Duffy Holdings") filed a complaint in intervention in the Underlying Action. (Id. ¶ 13.)

In the Underlying Action, Alterra alleges that it insured Duffy Holdings, a hauling business, in the transport of a UE Compression filter skid to from Henderson, Colorado to Desert Springs, California. (Id. ¶¶ 14-15.) Duffy Holdings allegedly contracted with Szetela to secure pilot car services for the transport of the UE Compression filter skid on April 2, 2012, ("Duffy/Szetela Contract"). (Id. ¶ 15.) That contract allegedly required Szetela to "select the transportation route, secure and pay all permits and fees necessary for proper execution and completion of the route, and take all reasonable safety precautions with respect to completion of the route." (Id. ¶ 16.) The contract allegedly provided further that Szetela shall include Duffy Crane "as an additional insured on [his] General Liability and Commercial Automobile Insurance Policy." (Id. ¶ 17.) Under the alleged terms of the Duffy/Szetela Contract, Szetela agreed "to defend, indemnify and hold [Duffy Crane], harmless from any and all claims, suits, losses or liability" arising out of Szetela's performance or breach of that agreement. (Id. ¶ 18.) Alterra, Duffy Crane, and Duffy Holdings allege in the Underlying Action that Szetela breached the Duffy/Szetela Contract and acted negligently "by failing to prevent the UE Compression filter skid from striking [an] overpass" when he was engaging in pilot car services pursuant to the Duffy/Szetela Contract. (Id. ¶ 19.) They allege further that Szetela breached the Duffy/Szetela Contract "by failing to indemnify Duffy [Crane] and/or Duffy Holdings for damages incurred as a

2

result of the collision." (Id. ¶ 20.)

Plaintiff alleges that Szetela tendered the claims made against him in the Underlying Action to plaintiff "who accepted [Szetela's] tender under a full and complete reservation of rights." (Id. ¶ 22.) Plaintiff alleges that it "has paid and continues to pay a portion of the defense fees and costs incurred in the defense of the Underlying Action." (Id. ¶ 23.) It alleges further that the Insurance Policy contains a "Professional Services Exclusion" clause and a "Contractual Liability Exclusion" clause that exclude certain activities from coverage.[2] Plaintiff alleges that

---

[2] Plaintiff alleges that the "Professional Services Exclusion" states, in pertinent part:

> This insurance does not apply to:
>
> "Bodily injury", "property damage" or "personal and advertising injury" including payment for loss or defense costs in connection with any claim made against any insured based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the rendering or failure to render any professional service by, but not limited to, any Accountant, Architect, Engineer, Insurance Agent or Broker, Lawyer, Medical Professional or Real Estate Agent Broker, or any other service that is of a professional nature.

(ECF No. 1 ¶ 24.)

Plaintiff alleges that the "Contractual Liability Exclusion" states, in pertinent part:

> This insurance does not apply to:
>
> ***
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> (1) That the insured would have in the absence of the contract or agreement; or
> (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are

3

"[i]n selecting the route of transportation for the UE Compression filter . . . and in escorting Duffy's driver on that route, [Szetela] was rendering a professional service." (Id. ¶ 28.) Accordingly, plaintiff alleges, Szetela's activities at issue in the Underlying Action fell within both the "Professional Services Exclusion" and the "Contractual Liability Exclusion" in the Insurance Policy, therefore meaning that plaintiff "owes no duty to defend or indemnify [Szetela] against the claims made by Alterra, Duffy [Crane] or Duffy Holdings." (Id. ¶ 29.)

Based on the above allegations, plaintiff seeks relief in the form of a declaratory judgment pursuant to 28 U.S.C. § 2201 that plaintiff owes no duty to defend or indemnify Szetela for the claims asserted in the Underlying Action and that Alterra, Duffy Crane, and Duffy Holdings have no right of subrogation or contribution against plaintiff for claims asserted in the Underlying Action. (Id. at 7.) Plaintiff also seeks recovery of the attorney fees and costs it incurred in defending Szetela in the Underlying Action. (Id.)

Plaintiff's complaint and summons were served upon defendant Alterra's agent for service on January 7, 2015, by substituted service at Alterra's place of business. (ECF No. 7.) Summonses were served on defendants Duffy Crane's and Duffy Holdings' agent for service on January 8, 2015, by personal service at those defendants' shared place of business. (ECF Nos. 8, 9.) Plaintiff's complaint and summons were served upon defendant Szetela on January 15, 2015, by personal service at his address. (ECF No. 10.)

On February 27, 2015, Alterra answered the complaint and filed a counterclaim seeking a declaratory judgement finding that the events alleged in the Underlying Action are not excluded from plaintiff's coverage of Szetela under the Insurance Policy. (ECF No. 12.) None of the other defendants answered the complaint or otherwise appeared in this action. Accordingly, on May 1, 2015, plaintiff filed a request for entry of default against Szetela. (ECF No. 16.) On May 5,

---

deemed to be damages because of "bodily injury" or "property damage" provided:
(a) Liability to such party for, or for the cost of that party's defense has also been assumed in the same "insured contract", and
(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

4

1  2015, the Clerk of Court entered defendant Szetela's default. (ECF No. 18.) On May 20, 2015,
2  plaintiff dismissed defendants Duffy Crane and Duffy Holding from this action. (ECF No. 23.)
3        Plaintiff and defendant Alterra filed cross-motions for summary judgment, and plaintiff
4  also filed a motion for default judgment against Szetela. (ECF Nos. 24, 31.) On March 23, 2016,
5  Judge Mueller granted plaintiff's motion for summary judgement and denied Alterra's motion for
6  summary judgment. (ECF No. 45.) In granting plaintiff's motion, Judge Mueller found that
7  Szetela's actions giving rise to the claims in the Underlying Action fell within the professional
8  services exclusion in the Insurance Policy, thereby withdrawing those claims from coverage.
9  (Id.) Judge Mueller also denied plaintiff's motion for default judgment against Szetela without
10 prejudice on procedural grounds.[3] (Id.) On May 18, 2016, plaintiff filed a renewed motion for
11 default judgment against Szetela. (ECF No. 52.) Despite being served with process and all
12 papers filed in connection with plaintiff's requests for entry of default and renewed motion for
13 default judgment, defendant Szetela failed to respond to any of these filings and has yet to make
14 an appearance in this action.

15     II.    LEGAL STANDARDS

16       Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party
17 against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend
18 against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not
19 automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans,
20 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25
21 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies
22 within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.
23 1980). In making this determination, the court considers the following factors:
24 ////
25

---

[3] Judge Mueller denied plaintiff's motion for default judgment on the basis that plaintiff failed to address any of the default judgment factors set forth in Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986) and did not notice its motion before the assigned magistrate judge pursuant to Local Rule 302(c)(19). (ECF No. 45 at 11.) This denial was "without prejudice to renewal before the assigned magistrate judge." (Id.)

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, but it does not establish the amount of damages. Geddes, 559 F.2d at 560.

III. DISCUSSION

    A. Appropriateness of the Entry of Default Judgment Under the Eitel Factors

For the reasons stated below, the undersigned finds that the material allegations of the complaint support plaintiff's request for entry of default judgment under the Eitel factors.

        1. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would potentially

6

1  face prejudice if the court did not enter a default judgment.  Specifically, plaintiff could be forced
2  to incur additional costs in defending Szetela in the Underlying Action absent entry of a default
3  judgment.  Furthermore, plaintiff would be without another recourse for recovery.  Accordingly,
4  the first Eitel factor favors the entry of a default judgment.

         2.    Factors Two and Three: The Merits of Plaintiff's Substantive Claims
               and the Sufficiency of the Complaint

7        The undersigned considers the merits of plaintiff's substantive claims and the sufficiency
8  of the complaint together below because of the relatedness of the two inquiries.  The undersigned
9  must consider whether the allegations in the complaint are sufficient to state a claim that supports
10 the relief sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.
11       As an initial matter, the undersigned notes that plaintiff represents in its motion for default
12 judgment that it withdraws its second request for relief, through which it seeks recoupment of the
13 defense fees and costs it has incurred to date in defending Szetela in the Underlying Action.
14 (ECF No. 52-1 at 3, n.2.)  Accordingly, the only remaining substantive claim is plaintiff's request
15 for a declaratory judgment pursuant to 28 U.S.C. § 2201 that plaintiff owes no duty to defend or
16 indemnify Szetela for the claims asserted in the Underlying Action.
17       Subject to exceptions not applicable here, 28 U.S.C. § 2201(a) permits "any court of the
18 United States . . . [to] declare the rights and other legal relations of any interested party seeking
19 such declaration" "[i]n a case of actual controversy within its jurisdiction."  "Any such
20 declaration shall have the force and effect of a final judgment or decree . . . ."  28 U.S.C. §
21 2201(a).
22       Here, the allegations of plaintiff's complaint support its request for a declaration that it
23 owes no duty under the Insurance Policy to defend or indemnify Szetela with regard to the claims
24 asserted in the Underlying Action.  Plaintiff alleges that the Insurance Policy contains a
25 "Professional Services Exclusion" provision and a "Contractual Liability Exclusion" provision,
26 both of which exclude certain activities from coverage.  (ECF No. 1 ¶¶ 24-25.)  Plaintiff alleges
27 further that Szetela's activities that form the basis of the claims against him in the Underlying
28 Action fall within the ambit of these two exclusion provisions, thus precluding coverage and

7

showing that plaintiff owes no duty to defend or indemnify Szetela with regard to that case. (Id. ¶¶ 28-29.) Specifically, plaintiff alleges that the express terms of the Duffy/Szetela Contract and Szetela's services rendered pursuant to that agreement, including escorting Duffy Crane's driver along the route he set, show that Szetela's activities that form the basis of the Underlying Action were "professional services" within the meaning of the Insurance Policy's terms. (Id.) Such allegations plausibly show that the Szetela's acts providing the basis for the claims against him in the Underlying Action fall within the exclusions from coverage set forth in the Insurance Policy. Accordingly, plaintiff's allegations are sufficient to show that it is entitled to the requested declaratory relief.

Moreover, Judge Mueller has already granted plaintiff summary judgment in this action with regard to defendant Alterra. (ECF No. 45.) In her order granting plaintiff's motion for summary judgment and denying Alterra's cross-motion for summary judgment, Judge Mueller ruled that the pilot car services Szetela provided under the Duffy/Szetela Contract fell within the meaning of the Insurance Policy's professional services exclusion, thus withdrawing the claims against Szetela in the Underlying Action from coverage under the Insurance Policy. (Id. at 11.) This ruling was based on a thorough analysis of the evidence provided by plaintiff and Alterra and of the terms of the Insurance Policy under the appropriate legal standards. (See generally id.) Thus, insofar as the merits of plaintiff's claim for declaratory relief and the sufficiency of its pleadings under the Eitel factors are concerned, the complaint and record before the court favor entry of default judgment against Szetela.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Here, plaintiff seeks only a declaratory judgment that it owes no duty to defend or indemnify Szetela for the claims asserted in the Underlying Action. Plaintiff seeks no monetary

////

////

damages in this action.[4]  See PepsiCo, Inc., 238 F. Supp. 2d at 1177 (finding that the fourth Eitel factor favored granting default judgment when monetary damages were not sought).  Accordingly, the fourth Eitel factor favors granting default judgment.

                4.      Factor Five: The Possibility of a Dispute Concerning Material Facts

       The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations and documentation supporting its claim for declaratory judgment.  The court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Moreover, summary judgment has already been entered in this action in plaintiff's favor with regard to whether Szetela's actions giving rise to the claims in the Underlying Action fell within the Insurance Policy's professional services exclusion, meaning that there does not exist any genuine dispute as to the material facts in this action that support plaintiff's request for declaratory judgment.  (ECF No. 45.)  As such, the undersigned concludes that the fifth Eitel factor favors a default judgment.

                5.      Factor Six: Whether Default was Due to Excusable Neglect

      "The sixth Eitel factor considers the possibility that the default resulted from excusable neglect."  PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, defendant Szetela was properly served with plaintiff's pleading, as well as with plaintiff's request for entry of default and renewed motion for default judgment.  (ECF Nos. 10, 16, 52.)  Thus, Szetela had ample notice of plaintiff's intent to pursue a default judgment against him, yet he has not once filed anything in response to plaintiff's filings or otherwise made an appearance in this case.  Accordingly, there is

---

[4] While plaintiff also seeks its costs associated with obtaining default judgment against Szetela in this action pursuant to Federal Rule of Civil Procedure 54(d), such costs are likely minimal and do not alter the determination that the fourth Eitel factor supports the granting of default judgment.

9

no indication that Szetela's default resulted from excusable neglect.

      6.   <u>Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits</u>

"Cases should be decided upon their merits whenever reasonably possible." <u>Eitel</u>, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177; <u>see also</u> <u>Craigslist, Inc. v. Naturemarket, Inc.</u>, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the undersigned is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

Upon consideration of the <u>Eitel</u> factors, the undersigned concludes that plaintiff is entitled to the entry of default judgment against defendant Szetela, and recommends that such a default judgment be entered. All that remains is the determination of the relief to which plaintiff is entitled.

    B.   <u>Terms of the Judgment to be Entered</u>

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. Here, plaintiff's sole substantive claim for relief is the entry of a declaratory judgment that plaintiff owes no duty to defend or indemnify Szetela for the claims asserted against him in the Underlying Action. As discussed above, plaintiff's well-pled allegations, when taken as true, show that plaintiff is entitled to such relief. Moreover, the court has already granted summary judgment in plaintiff's favor, finding that the claims asserted in the Underlying Action arise out of or relate to Szetela's provision of pilot car services that fell within the professional services exclusion of the Insurance Policy, thus withdrawing those claims from coverage. (ECF No. 45.) Accordingly, it is recommended that plaintiff's claim for declaratory judgment be granted.

////

////

Plaintiff also requests that the court award it any costs it incurred in this action attributable to obtaining default judgment against Szetela pursuant to Federal Rule of Civil Procedure 54(d), which provides that in granting default judgment "costs—other than attorney's fees—should be allowed to the prevailing party." Such a request is warranted under that Rule and should be granted. See Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) ("Rule 54(d) creates a presumption for awarding costs to prevailing parties . . . .").

IV.     CONCLUSION

IT IS ORDERED that within five days after these findings and recommendations are filed, plaintiff shall serve a copy of the findings and recommendations on defendant Szetela by mail at the address where service of process was effected, or at any more recent address known to plaintiff, and shall file a proof of such service forthwith; and

For the reasons set forth above, IT IS RECOMMENDED that:

1. Plaintiff's May 18, 2016 motion for default judgment (ECF No. 52) be GRANTED;

2. Default judgment be entered in favor of plaintiff and against defendant Richard Szetela d.b.a. D&D Pilot Car Services;

3. It be declared that plaintiff owes no duty to defend or indemnify Richard Szetela d.b.a. D&D Pilot Car Services for the claims asserted against him by Alterra American Insurance Company, Duffy Crane, Inc., and Duffy Holdings, LLC in Sacramento Superior Court Case No. 34-2013-00148105.

4. Plaintiff be permitted to recover from defendant Richard Szetela d.b.a. D&D Pilot Car Services its costs incurred in this action for the purpose of obtaining default judgment against that defendant pursuant to Federal Rule of Civil Procedure 54(d)(1).

5. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed

within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

    IT IS SO ORDERED AND RECOMMENDED.

Dated:  June 16, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE